UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| TROY MAURER et al, | : | CASE NO. 1:08-CV-1199 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No. 14] |
| R.L. FORTNEY MANAGMENT, INC., | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant R.L. Fortney Management, Inc., ("Fortney") moves this Court to dismiss the claim filed by Plaintiffs Troy and Shannon Maurer. [Doc. 14.] The Plaintiffs opposed the motion. [Doc. 17.] For the following reasons, the Court **DENIES** the Defendant's motion to dismiss.

**I. Background**

On May 14, 2008, Plaintiffs Maurer sued Defendant Fortney seeking declaratory judgment and damages. They say Defendant has wrongly denied them benefits under an ERISA-governed benefit plan sponsored by Defendant Fortney ("the Plan"). With their complaint, the Plaintiffs generally allege that the Defendant is not entitled to reimbursement for previously paid medical expenses. The Plaintiffs also say that the Defendant breached its fiduciary duty by refusing to produce requested documentation about the Plan. [Doc. 1.]

On June 27, 2008, Defendant Fortney filed a motion under Fed. Rule Civ. P. 12(b)(1) and (6)

Case No. 1:08-CV-1199
Gwin, J.

to dismiss the claim. [Doc. 14.] With this motion, the Defendant argues that this Court lacks subject matter jurisdiction over the claim and that the Plaintiffs have failed to state a claim upon which relief can be granted. *Id*. In support of its claim that this Court does not have jurisdiction to hear this case, the Defendant Fortney argues that the Plaintiffs lack standing to bring this ERISA claim because they were not participants under the benefit plan at the time the action was filed. *Id*.

On July 25, 2008, the Plaintiffs opposed the Defendant's motion to dismiss. [Doc. 17.] The Plaintiffs argue that their complaint properly pleads a claim under ERISA for declaratory judgment and statutory damages for failure to produce documentation. The Plaintiffs say that they have standing as participants under the benefit plan because Plaintiff Troy Maurer was a former employee who was eligible to receive certain benefits under the Plan, including the benefit of not being required to reimburse distributed funds. *Id*.

On August 1, 2008, the Defendant replied in support of its motion to dismiss the Plaintiffs' complaint. [Doc. 18.] Defendant Fortney argues that termination of Plaintiff Troy Maurer's employment terminated any eligibility to receive benefits, and therefore, at the time of filing, the Plaintiffs had no standing to bring suit under ERISA. *Id*.

## II. Legal Standard

When subject matter jurisdiction over a claim is challenged under FED. R. CIV. P. 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction over the cause of action. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). In ruling on such a motion, the district court may resolve factual issues when necessary to determine its jurisdiction. *Madison-Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918. Regarding the motion to dismiss for failure to state a claim, the Court can dismiss a claim only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle

Case No. 1:08-CV-1199
Gwin, J.

[the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept all of the allegations contained in the claim as true and construe such claim "liberally in favor of the party opposing the motion." *Id.* While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

### III. Analysis

The Court discusses the Defendant's motion to dismiss relative to each of the Plaintiffs' claims in turn.

*A. Declaratory Judgment*

ERISA gives standing to seek relief to "participants" or "beneficiaries." 29 U.S.C. § 1132(a)(1). The statute defines a "participant" as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). In *Bruch*, the Court limited the universe of employees who could bring ERISA claims. *Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 117 (1989). In Bruch, the Court held that to qualify for standing as a participant, a former employee must either have "a reasonable expectation of returning to covered employment" or "a colorable claim to vested benefits." *Id.*

In 2007, the Sixth Circuit applied *Bruch* to an ERISA where a former employee filed a claim for breach of fiduciary duty against the relevant plan administrator, but then liquidated his plan

Case No. 1:08-CV-1199
Gwin, J.

holdings during the course of the litigation. *Bridges v. American Elec. Power Co.*, 498 F.3d 442 (6th Cir. 2007). In *Bridges*, the Sixth Circuit concluded that the plaintiff retained standing to pursue the civil action because the plan benefits were arguably affected by the breach of fiduciary duty and this affected the benefits otherwise available to the plaintiff. Quoting a similar Seventh Circuit case, the Sixth Circuit further explained, "[T]he question comes down to whether, if the plaintiffs win their case by obtaining a money judgment . . . , the receipt of that money will constitute the receipt of a plan benefit." *Id.*, quoting *Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007).

  The Court finds that *Bridges* controls this instant litigation. Plaintiff Troy Maurer is a former employee of Fortney. To have standing, Plaintiffs Maurer must have some plausible claim to receive a benefit of any type from the Plan, or have a colorable claim to vested benefits. Plaintiffs Maurer allege that as of the accident on October 29, 2001, they became eligible to receive certain medical benefits and were also not required to reimburse Defendant Fortney for covered medical expenses unless and until the Plaintiffs are made "whole" as to their damages arising from the precipitating auto accident. [Doc. 17 at 7.] This argument raises the question whether not being required to reimburse money constitutes a benefit according to the standing provision of ERISA. Following the Sixth Circuit's analysis in *Bridges*, the question should be phrased, "If the plaintiffs were to win this case, would the benefit accrued constitute the receipt of a plan benefit?" Here, if Plaintiffs Maurer were to win the case, they would not need reimburse Defendant Fortney the amount of money they received under the medical benefits of the Plan. This is a plan benefit.

  If Plaintiffs Maurer have a right under the Plan not to reimburse Defendant Fortney, that right is a benefit that survives employment termination. At the time Plaintiffs Maurer filed this suit, they

Case No. 1:08-CV-1199
Gwin, J.

would have still been eligible for that benefit, and would therefore have standing to pursue this claim.[1] Because this Court concludes that the Plaintiffs have at least a colorable claim to eligibility for a benefit under the Plan, they have standing as participants in the Plan. Moreover, Plaintiffs Maurer and their claim "are within the zone of interests ERISA was intended to protect." *Astor v. Int'l Bus. Mach. Corp.*, 7 F.3d 533, 538 (6th Cir. 1993).

*B. Breach of Fiduciary Duty and Civil Damages*

The Plaintiffs' claim for breach of fiduciary duty, for failure to produce requested documentation regarding the Plan, likewise falls within the zone of interests ERISA was intended to protect. ERISA explicitly obligates plan administrators to furnish documentation regarding the applicable plan to participants upon request. 29 U.S.C. § 1022, 1024(b)(4). The statute includes a provision for damages at the discretion of the court. 29 U.S.C. § 1132(c)(1).

To have standing to bring this claim for breach of fiduciary duty, Plaintiffs Maurer must be participants under the Plan. 29 U.S.C. § 1132(a)(1). As discussed above, Plaintiffs Maurer qualify as participants based on their alleged eligibility to receive the benefit of not reimbursing Defendant Fortney unless and until the Plaintiffs were made whole. This participant status, if proven, would continue through the filing of this suit. It is irrelevant that Plaintiffs Maurer were no longer enrolled in the Plan when they requested documentation regarding the Plan. At the time of the request (October 20, 2003), Plaintiff Troy Maurer was a former employee who was eligible to receive a benefit under the Plan. As such, he was entitled to the Plan documentation, and if denied, to bring civil suit to enforce the production of the documentation. *See* 29 U.S.C. § 1132(a)(1). Former

---

[1] If eligible for this benefit, Plaintiffs Maurer would have been eligible at the time of filing this suit, thereby satisfying the Sixth Circuit's declaration in *Morrison*, "Eligibility is determined at the time that the lawsuit is filed." *Morrison v. Marsh & McLennan Co.*, 439 F.3d 295, 304 (6th Cir. 2006). Thus, this Court finds *Morrison* not to be helpful here, as the Sixth Circuit found *Morrison* not be helpful in the resolution of *Bridges*. *Bridges*, 498 F.3d 442, 445 no.3.

Case No. 1:08-CV-1199
Gwin, J.

employees who are eligible or may become eligible to receive benefits under a plan must be able to review the documentation governing their eligibility. Any other result would contradict the purpose of the ERISA provision requiring the production of documentation upon request.

Without commenting on the merits of the claims themselves, this Court finds that the Plaintiff has properly stated a claim upon which relief can be granted. Furthermore, this Court has subject matter jurisdiction over the ERISA claims. *See* 28 U.S.C. § 1331.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant's motion to dismiss the Plaintiff's claim. [Doc. 14.]

IT IS SO ORDERED.


Dated: August 26, 2008                     *s/     James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE