UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
TROY MAURER, ET AL,                    :    CASE NO. 1:08-CV-1199
:
Plaintiffs,         :
:
vs.                                    :    ORDER & OPINION
:    [Resolving Doc. No. 34]
R.L. FORTNEY MANAGEMENT, INC.,         :
:
Defendant.          :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Would-be Intervenor, Medina Drywall Supply, Inc., moves this Court to intervene under Rule 24 of the Federal Rules of Civil Procedure. [Doc. 34.] Plaintiffs Troy and Shannon Maurer oppose the motion. [Doc. 35.] For the reasons set forth below, this Court **DENIES** the Would-be Intervenor's motion.

I. Background

The main action here involved a claim under ERISA regarding plan documentation and the obligation to reimburse the benefits plan. [Doc. 1, 26.] On September 5, 2008, upon representation of the parties that all issues had been resolved, this Court dismissed the case with prejudice. [Doc. 33.] On March 3, 2009, the Would-be Intervenors moved this Court to intervene for "the limited purpose of determining if Plaintiff Troy Maurer obtained any award" in this case. [Doc. 34 at 3.] On October 6, 2008, Medina Drywall Supply, Inc., won a default judgment in state court against Troy Maurer, *inter alia*, jointly and severally, in the amount of $116,543.00, with interest and costs. [Doc. 34, Ex.] Because this judgment has not been satisfied, the Would-be Intervenor seeks to determine if Plaintiff Troy Maurer obtained any award in this case that can be used to satisfy the state court

Case No. 1:08-CV-1199
Gwin, J.

judgment. [Doc. 34 at 3.]

## II. Legal Standard

The Would-be Intervenor seeks intervention of right. Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a third party, upon timely motion, to intervene in an action as "of right" when the would-be intervenor

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed R. Civ. P. 24(a)(2). The Sixth Circuit has

> interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

Whether a motion for intervention is timely is within the discretion of the district court. *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000). The Sixth Circuit has identified five factors useful in a district court's evaluation of the timeliness of a motion to intervene:

> 1) the point to which the suit has progressed; 2) the purpose for which the intervention is sought; 3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and 5) the existence of unusual circumstances militating against or in favor of intervention.

Case No. 1:08-CV-1199
Gwin, J.

*Jordan*, 207 F.3d at 862 (citing *Brubbs v. Norris*, 879 F.2d 343, 345 (6th Cir. 1989)).

### III.  Analysis

Plaintiffs Maurer filed this case on May 14, 2008, [Doc. 1], and the case was closed September 5, 2008, [Doc. 33].  The Would-be Intervenor did not file its motion until March 3, 2009, six months after the main action was closed.  [Doc. 34.]  This delay in filing will prejudice the parties to this case because they have already reached a conclusion on the main action. [Doc. 33.] While the Court does not necessarily find that the Would-be Intervenor was sleeping on its rights, the Could finds no unusual circumstances militating in favor of intervention.

Even if this motion were timely, the Would-be Intervenor has not identified an impairment of its ability to protect its interest in the absence of intervention.  The Would-be Intervenor apparently seeks to discover whether Plaintiff Maurer obtained monies in this action that might be used to satisfy the Would-be Intervenor's judgment in the state action.  But the action in this Court ended in September 2008; even if Maurer had received any money, little suggests it would be found in the same accounts where it would have been initially deposited.  More important, if Plaintiff Maurer received money in the settlement of this case, the Would-be Intervenor can file a state court action seeking a debtor examination.  *See* O.R.C. § 2333.09.  The Would-be Intervenor provides no explanation for why this procedure would be insufficient to protect its interests.

### IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Would-be Intervenor's motion to

Case No. 1:08-CV-1199
Gwin, J.

intervene. [Doc. 34.]

    IT IS SO ORDERED.


Dated: March 25, 2009          s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE